IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02504-GPG

STEVEN M. HUNTER,

    Applicant,

v.

T.K. COZZA-RHODES, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Steven M. Hunter, is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Hunter has filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 6). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On December 7, 2015, Magistrate Judge Gordon P. Gallagher issued an Order Directing Respondent to File a Preliminary Response raising the affirmative defense of failure to exhaust administrative remedies, if Respondent intended to raise the defense. (ECF No. 8). Respondent filed Preliminary Response (ECF No. 11), on December 28, 2015, asserting that Applicant had failed to exhaust his available administrative remedies.

    Mr. Hunter has also filed two Emergency Motions for a Writ of Mandamus (ECF Nos. 5 and 12). Respondent filed a response to the second Motion on January 13, 2016. (ECF No. 16).

The Court construes Mr. Hunter's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended § 2241 Application and this action will be dismissed.

## I. Background of Parole Commission Proceedings

Mr. Hunter is serving a 31-year sentence imposed by the District of Columbia Superior Court on February 1, 1996, for assault, first degree burglary, assault with a dangerous weapon, aggravated assault while armed, and possession of a firearm during a crime of violence. (*See* ECF No. 11-1, Declaration of Sharon Gervasoni, at ¶ 3; and attached Ex. A). The crimes were committed on May 27, 1995. (*Id.*).

On February 3, 2014, the United States Parole Commission[1] released Applicant on parole to remain under parole supervision until August 1, 2026. (Gervasoni Decl. at ¶ 5 and attached Ex. C).

On September 25, 2014, the Parole Commission issued a warrant charging Mr. Hunter with violating the conditions of supervision by committing new criminal conduct— stalking, cyberstalking, and making a harassing telephone call. (Gervasoni Decl. at ¶ 6, and attached Ex. D). Applicant was arrested on the Commission's warrant on October 7, 2014. (*Id.* at ¶ 7, and attached Ex. E).

Following a January 26, 2015 parole revocation hearing, the Parole Commission

---

[1] The Parole Commission has jurisdiction to make parole decisions for D.C. Code offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law No. 105-33, 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code 24-131 (formerly 24-1231). This statute transferred various functions of the D.C. Government to federal authorities, and, *inter alia*, abolished the District of Columbia Board of Parole and transferred jurisdiction over D.C. Code offenders to the United States Parole Commission.

concluded that Mr. Hunter had committed the charged violation and revoked his parole. (Gervasoni Decl. at ¶ 8, and attached Ex. G).  The Commission found that the violation was of Category Four offense severity rating under the parole guidelines for communicating a threat transmitted in interstate commerce (telephone).  (*Id.*). *See* 28 C.F.R. § 2.20, Chapter Two, Subchapter F, paragraph 251.  (*Id.*). The Commission further found the applicable guideline range to be 20-26 months, but departed from this range and ordered that Applicant serve 60 months prior to re-parole.  (*Id.*).

Mr. Hunter appealed the Parole Commission's revocation decision to the National Appeals Board, claiming that the offense severity had been rated incorrectly and that the Commission's upward departure from the correct guideline range was erroneous.  (Gervasoni Decl. at ¶ 9, and attached Ex. H).

In a September 29, 2015 Notice of Action, the National Appeals Board reversed the Parole Commission's decision and remanded the case to the Commission to reconsider the offense severity rating and resulting guidelines on the record. (Gervasoni Decl., at ¶ 10, and attached Ex. I).

In an October 28, 2015 Notice of Action, the Parole Commission revised the offense severity rating of Mr. Hunter's parole violation to Category One severity, which reduced the applicable guideline range to 0-8 months.  (Gervasoni Decl., at ¶ 11, and attached Ex. J).  The Commission further found, however, that an upward departure from this range remained warranted, and ordered that Applicant serve 60 months prior to re-parole.  (*Id.*). Due to a clerical error, the October 28, 2015 Notice of Action failed to include language informing Mr. Hunter that is was an administratively appealable order.  (Gervasoni Decl., at ¶ 12, and attached Ex. J at 2).  The Parole Commission issued a

corrected Notice of Action on December 16, 2015, which expressly informed Mr. Hunter that he could file an appeal with the National Appeals Board within 30 days of his receipt of the corrected Notice of Action. (Gervasani Decl. at ¶ 12, and attached Ex. K).

Respondent represents that, as of December 28, 2015, Applicant had not filed an administrative appeal of the October 28, 2015 Notice of Action. (Gervasani Decl. at ¶ 13).

## II. The Amended Application

Mr. Hunter initiated this action on November 13, 2015, by filing a § 2241 Petition. Pursuant to an order directing him to cure deficiencies, he filed an Amended § 2241 Application, on the court-approved form, on December 3, 2015. (ECF No. 6). Mr. Hunter alleges in the Amended Application that he is "unconstitutionally incarcerated as a direct result of the United States Parole Commission['s] failure to follow it's guidelines" by assigning him an erroneous offense severity rating. (*Id.* at 2-3). Applicant asserts that the Parole Commission has not re-opened his case pursuant to the National Appeals Board's September 29, 2015 remand order, and that the Commission's parole revocation decision violated the Ex Post Facto Clause of the United States Constitution. (*Id.* at 3). He further claims that the Parole Commission abused its discretion and violated his equal protection rights in assigning him an incorrect severity offense rating and in applying incorrect guidelines. (*Id.* at 5-6). Mr. Hunter asks the Court to order the Parole Commission to re-open his case and to follow the National Appeals Board directive of September 29, 2015. (*Id.*).

## III. Exhaustion of Administrative Remedies

Respondent contends that the Amended § 2241 Application should be dismissed

because Mr. Hunter failed to exhaust his administrative remedies.  (ECF No. 11).

Generally, a federal prisoner is required to exhaust administrative remedies before seeking relief under 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)); *see also Quintana-Navarette v. Garcia*, No. 09-1330, 361 F. App'x 951, 953 (10th Cir. Jan. 22, 2010) (unpublished).  A "narrow exception to the exhaustion requirement applies if an applicant can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

Mr. Hunter did not reply to Respondent's assertion of the affirmative defense of failure to exhaust administrative remedies and there is nothing in the record before the Court to refute Ms. Gervasoni's declaration that Applicant did not appeal the October 28, 2015 Notice of Action to the National Appeals Board before initiating this action.  As such, the action will be dismissed without prejudice for failure to exhaust administrative remedies. *See, e.g.*, *Goodloe v. United States Parole Comm'n*, Case No. 06-cv-00212-CMA-BNB, 2008 WL 5156447 (D. Colo. Dec. 8, 2008).

## IV. Emergency Motions for a Writ of Mandamus

Mr. Hunter has filed two Emergency Motions for a Writ of Mandamus in which he asks the Court to order Respondent to comply with the National Appeals Board's September 29, 2015 remand directing the Parole Commission to reconsider his case on the record as to the severity offense rating and applicable guidelines.  (ECF Nos. 5 and 13).  He further requests that he be re-paroled immediately.  (ECF No. 13 at 1).

The Federal Rules of Civil Procedure, which apply to this habeas action, *see* Fed. R. Civ. P. 81(a)(4), have abolished the writ of mandamus. See Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained be appropriate action or motion under these rules.")  Instead, the federal court should interpret a request for a writ of mandamus as a request for an injunction in the nature of mandamus. *See Vega v. Wiley*, No. 07-1353, 259 F. App'x 104, 105 n. 2 (10th Cir. Dec. 17, 2007) ("Appellant also requested a writ of mandamus, which, in light of Fed. R. Civ. P. 81(b), we interpret as a request for an injunction in the nature of mandamus") (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235, 1236 (10th Cir. 2005)).  Accordingly, the Court construes Mr. Hunter's emergency motions as requesting injunctive relief.

To be entitled to injunctive relief, Mr. Hunter must show:  "(1) actual success on the merits; (2) irreparable injury if the injunction is not granted; (3) that injury outweighs any harm the injunction will cause the opposing party; and (4) the injunction is in the public interest." *Bioganic Safety Brands, Inc. v. Ament*, 174 F. Supp. 2d 1168, 1173-74 (D. Colo. 2001) (citing *Amoco Prod. Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n. 12 (1987) *and SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)).  Applicant has not made a showing on any of the four factors and the injunctive relief he seeks is the same relief requested in the Amended § 2241 Application, which is not ripe for determination until he exhausts his available administrative remedies.  Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), filed by Steven M. Hunter, and this action, are

DISMISSED WITHOUT PREJUDICE for failure to exhaust available administrative remedies.  It is

FURTHER ORDERED that the Emergency Motions for a Writ of Mandamus (ECF Nos. 5 and 13) are DENIED.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hunter files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 5, 2016, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court