IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02504-LTB

STEVEN M. HUNTER,

    Applicant,

v.

T.K. COZZA-RHODES,

    Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

Applicant, Steven M. Hunter, filed *pro se* a "Motion for Reconsideration of Application for a Writ of Habeas Corpus" (ECF No. 20), on February 11, 2016. The Court construes the motion liberally as a motion for reconsideration of the February 5, 2016 Order of Dismissal. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* filings must be construed liberally); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Respondent filed a Response to the motion on February 17, 2016. (ECF No. 21).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Applicant filed the motion for reconsideration less than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e). *Id.*; *see also* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

The Court dismissed this action without prejudice because Applicant failed to exhaust his administrative remedies before seeking relief under § 2241. Specifically, at the time he initiated this action, Applicant had not filed an appeal of the Parole Commission's October 28, 2015 Notice of Action or the December 16, 2015 (Corrected) Notice of Action with the National Appeals Board. In the dismissal order, the Court observed that Mr. Hunter did not file a Reply to Respondent's assertion of the affirmative defense of failure to exhaust administrative remedies. (ECF No. 17 at 5).

Mr. Hunter states in the motion for reconsideration that he never received a copy of Respondent's Preliminary Response. (ECF No. 20 at 1). He further states that he appealed the December 16, 2015 (Corrected) Notice of Action on January 13, 2016, and that he "is in the process of supplementing the . . . appeal through his attorney." (*Id.* at 2).

The Court finds that Mr. Hunter has not established any of the major grounds that would justify reconsideration in his case. *See Servants of the Paraclete*, 204 F.3d at 1012. He was not prejudiced by the failure to receive a copy of the Preliminary Response because he acknowledges in his motion that his appeal before the National Appeals Board is pending. As such, the dismissal for failure to exhaust administrative

remedies was proper.

Once the briefing before the National Appeals Board is complete, the Board must act within 60 days to affirm, modify or reverse the decision of the Parole Commission. See 28 C.F.R. § 2.26(c).   Mr. Hunter may file a new § 2241 application after he receives a decision from the National Appeals Board.

ORDERED that the "Motion for Reconsideration of Application for a Writ of Habeas Corpus" (ECF No. 20), filed on February 11, 2016, which the Court construes liberally as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is DENIED.

Dated February 25, 2016, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court